IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

U.S. BANK NATIONAL ASSOCIATION,

                      Plaintiff,                      OPINION AND ORDER

  v.

                                               14-cv-562-wmc

SUN LIFE ASSURANCE COMPANY OF
CANADA,

                      Defendant.

---

      In this civil action, plaintiff U.S. Bank National Association alleged that defendant Sun Life Assurance Company of Canada breached the terms of a life insurance policy by failing to pay a $6,000,000 death benefit. The court previously granted U.S. Bank's motion for partial judgment on its breach of contract claim and on Sun Life's counterclaims. (Dkt. #55.) As such, the only issues remaining in this case are U.S. Bank's claims for bad faith and 12% statutory interest. On those claims, *Sun Life* has now moved for judgment on the pleadings, principally arguing that: (1) at the time U.S. Bank filed suit, Sun Life was still investigating in good faith U.S. Bank's claim; and (2) Sun Life's legal position -- in other words, the reason why it was investigating the claim in the first instance -- was not objectively unreasonable. For the reasons that follow, the court will deny Sun Life's motion with respect to both arguments. Indeed, finding instead that Sun Life's denial of coverage was *not* objectively reasonable under Wisconsin law, the court will grant partial judgment to U.S. Bank on (1) the objective prong of its bad faith claim and (2) its statutory interest claim.

BACKGROUND[1]

On May 30, 2014, U.S. Bank submitted claim forms to Sun Life. Subsequent to that submission, U.S Bank repeatedly requested that Sun Life honor its policy and provide payment. Sun Life continued to refuse to pay, although it never formally denied coverage.

On July 21, 2014, Sun Life sent U.S. Bank a letter stating: "We are currently in the process of obtaining additional information needed to make the claim determination." (Compl. (dkt. #1) ¶ 27.) When U.S. Bank followed up, Sun Life, through its counsel, demanded information from U.S. Bank regarding the original procurement of the Policy, some seven years earlier. (*Id.* at ¶ 28.)

On August 13, 2014, over a month after the payment under the Policy became overdue, U.S. Bank filed the present lawsuit, alleging that Sun Life's supposed need for further inquiry is premised on a defense to coverage that is untimely on its face both under the terms of its own Policy and Wisconsin law. (*Id.* at ¶¶ 28-30.) To the extent Sun Life's demand for additional information was intended to investigate a potential lack of insurable interest, U.S. Bank also alleges that the demands were unreasonable under Wis. Stat. § 631.07(4). (*Id.* at ¶¶ 32-33.)

---

[1] In its prior opinion granting judgment on U.S. Bank's breach of contract claim, the court set forth facts relevant to U.S. Bank's breach of contract claim. Rather than repeat those facts here, the court will simply set forth additional allegations of fact most pertinent to U.S. Bank's bad faith and statutory interest claims.

2

OPINION

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as Rule 12(b)(6), except that the court considers not only the complaint and referenced documents, but all pleadings, as well as documents that are incorporated into *any* pleading by reference. *Buchanan-Moore v. City of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). To succeed, "the moving party must demonstrate that there are no material issues of fact to be resolved," even with the court viewing all facts in the light most favorable to the nonmoving party. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). While the non-moving party's factual allegations are generally accepted as true in response to a 12(c) motion, "allegations in the form of legal conclusions are insufficient to survive." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (citing *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012)).

Under Wisconsin law, a bad faith claim in the insurance context "is a tort separate and apart from a breach of contract *per se*," giving rise to a separate claim for damages. *Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 686, 271 N.W.2d 368, 374 (1978). "A plaintiff bringing such a claim must show two things: the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Advance Cable Co., LLC v. Cincinnati Ins. Co.*, 788 F.3d 743, 748 (7th Cir. 2015) (quoting *Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 334 Wis. 2d 23, 798 N.W.2d 467, 474 (2011); *Anderson v. Cont'l Ins. Co.*, 271 N.W.2d at 376 (1978) (quotation marks omitted)). The first element is objective; the

3

second is subjective. *See Advance Cable*, 788 F.3d at 748 (citing *Weiss v. United Fire & Cas. Co.*, 197 Wis. 2d 365, 541 N.W.2d 753, 757 (1995)).

The focus of Sun Life's motion for judgment on the pleadings is on the objective element, which tests "whether the insurer properly investigated the claim and whether the results of the investigation were subject to a reasonable evaluation and review." *Id.* (citing *Brown v. Labor & Indus. Review Comm'n,* 267 Wis. 2d 31, 671 N.W.2d 279, 287-88 (2003)). Since Sun Life delayed processing U.S. Bank's claim forms, rather than outright denying it, U.S. Bank's assertion of bad faith turns on whether Sun Life had a "reasonable basis" for failing to pay timely. *See, e.g., Poling v. Wis. Physicians Serv.*, 120 Wis. 2d 603, 608, 357 N.W.2d 293, 297 (Ct. App. 1984); *A.W. Huss Co. v. Cont'l Cas. Co.*, 560 F. Supp. 513, 514 (E.D. Wis. 1983) *aff'd*, 735 F.2d 246 (7th Cir. 1984); *see also Trinity Evangelical Lutheran Church & Sch.-Freistadt v. Tower Ins. Co.*, 2003 WI 46, ¶ 33, 261 Wis. 2d 333, 347, 661 N.W.2d 789, 795 ("Absence of a reasonable basis for denying a claim exists when the claim is not 'fairly debatable.'").

Plaintiff's statutory interest claim turns on a very similar standard. Wisconsin Statute § 628.46 provides in pertinent part:

> Unless otherwise provided by law, an insurer shall promptly pay every insurance claim. A claim shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss. . . . Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after written notice is furnished to the insurer. Any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer. . . . All

> overdue payments shall bear simple interest at the rate of 12% per year.

The statute provides an exception where an insurer has "reasonable proof to establish that [it] is not responsible for the payment," which courts have interpreted to mean that the insurer had a "fairly debatable" basis for failing to pay the claim in question. *See, e.g., Miller v. Safeco Ins. Co. of Am.*, 761 F. Supp. 2d 813, 835 (E.D. Wis. 2010), *amended* (Mar. 11, 2011), *aff'd*, 683 F.3d 805 (7th Cir. 2012).

Here, Sun Life posits two basic reasons for delaying payment of the insurance proceeds. *First*, Sun Life contends that its delay was not because of ill will or vindictiveness, but rather was due to an obligation to complete its investigation of U.S. Bank's claim. In constructing this argument, Sun Life implies that it was actually required to conduct an investigation in order to act in good faith. Wisconsin law, however, does not mandate an investigation in order to issue a payment under a policy. Rather, it is the *denial* of coverage that

> must be based on a knowledge of the facts and circumstances upon which liability is predicated. The lack of reasonable diligence and the insurer's refusal to determine the nature and extent of the liability evidenced bad faith.

*Anderson*, 85 Wis. 2d at 688, 271 N.W.2d at 375.[2] Even if this were not so, the fact that Sun Life has *still* not paid out on its Policy, even after an adjudication by this court,

---

[2] Sun Life also argues that its investigation was warranted for purposes of complying with the insurable interest statute. Sun Life's argument is based on a strained reading of Wis. Stat. § 631.07(4), which provides in pertinent part that "a court with appropriate jurisdiction may order the proceeds to be paid to someone other than the person to whom the policy is designated to be payable." This statute does not, however, open the door to a fishing expedition on the part of an insurer; rather, it simply provides the option for a court to direct payment elsewhere if a third-party comes forward with a claim. Even absent this statutory provision, the availability of interpleader under Federal Rule of Civil Procedure 22 provides the same protection for insurers

renders its general excuse as to the need for a period of investigation objectively unreasonable.

In its reply brief, Sun Life concedes as much by focusing instead on its claimed *second* reason for delaying payment past the thirty days required by statute -- that additional discovery was warranted before Sun Life could decide whether to recommend honoring U.S. Bank's application for payment given the interplay between Wis. Stat. § 899.055 and § 631.07(4). Indeed, counsel for Sun Life emphasizes that this was an issue of first impression in Wisconsin. In further support, Sun Life directs the court to cases from other jurisdictions.[3]

In response, U.S. Bank argues that whether this issue was one of first impression is of no import where the statute foreclosing the insurer's defense of coverage is unambiguous, as is the case here. *See Bosco v. Labor & Indus. Review Comm'n*, 2004 WI 77, ¶ 62, 272 Wis. 2d 586, 681 N.W.2d 157 ("We conclude that § 102.23(5) unambiguously requires an employer to make payment . . . . Therefore, we hold that Shelby's interpretation of § 102.23(5) is not reasonable or fairly debatable as a matter of law[.]"). Relying on this court's prior opinion, U.S. Bank also points out that Wis. Stat. § 631.07(4) states "the disavowal of a lack of 'insurable interest' as a basis for invalidity is certainly broad enough to encompass the wagering policy defense." And to the extent

---

presented with competing claims. *See also* Wis. Stat. § 632.48(2) (protecting insurer from risk of double liability where it "discharges its obligation under the insurance policy or certificate of insurance if it pays a properly designated beneficiary").

[3] Any discussion of these cases was notably absent from its briefing on the prior motion for judgment on the pleadings, perhaps out of recognition that the coverage determination here turns on *Wisconsin* statutory provisions, making the relevance of caselaw from other jurisdictions of questionable relevance at best, at least absent some ambiguity in the language of the applicable statutes. (*See* Pl.'s Opp'n (dkt. #74) 20.)

this language left open any room for debate, U.S. Bank contends, the legislative comment to the statute removes all doubt. (Pl.'s Opp'n (dkt. #74) 15.) Finally, U.S. Bank argues, "the fact that no life insurer has raised Sun Life's 'wagering contract' defense in the 40 years since Section 631.07(4) was enacted (thus making it a 'matter of first impression') demonstrates that the position advanced by Sun Life was *not* 'fairly debatable." (Pl.'s Opp'n (dkt. #74) 18.) For all these reasons, the court agrees with U.S. Bank.

To the extent Sun Life seeks to challenge the validity of the policy at issue based on possible misrepresentations made in the application -- the basis Sun Life posited in its initial, pre-suit request for documentation from U.S. Bank -- its position fares no better. Indeed, as U.S. Bank persuasively argues, this theory is objectively unreasonable because it is time-barred by Wisconsin law. Wisconsin Statute § 632.46 provides in pertinent part: "no individual life insurance policy may be contested after it has been in force from the date of issue for 2 years during the lifetime of the person whose life is at risk." Sun Life fails to address this argument, instead resting on its assertion that the Policy was a wagering contract or otherwise lacking of an insurable interest was not objectively unreasonable.[4]

---

[4] For the first time in its reply brief, Sun Life also posits a statutory construction for Wis. Stat. § 631.07, premised on a theory that an insurer must "knowingly" issue a policy lacking insurable interest in order to barred from claiming it as void. (Def.'s Reply (dkt. #76) 7-8.) The court disregards arguments raised for the first time in its reply. *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) ("It is well-settled that new arguments cannot be made for the first time in reply."). Even if the court were to consider Sun Life's argument, subsection (4) does not provide an opening for an insurer to challenge the validity of a policy for lack of an insurable interest; rather, it simply allows for the court to shift the policy proceeds to a person who is "equitably entitled" to those proceeds.

Of course, Sun Life also persists that U.S. Bank's allegations do not support a finding that Sun Life acted with "dishonest purpose, moral obliquity, furtive design or ill will." (Def.'s Br. (dkt. #66) 8 (quoting *Malone v. Reliastar Life Ins. Co.*, 558 F.3d 683, 695 (7th Cir. 2009)); *see also Rabach v. Life Ins. Co. of North Am.*, No. 08-C-188, 2010 WL 2900375, at *2 (E.D. Wis. July 20, 2010). This argument goes to the subjective prong of U.S. Bank's bad faith claim, which Sun Life acknowledges in its reply is not ripe for decision on a motion for judgment on the pleadings. (Def.'s Reply. (dkt. #76) 12.)

Even if it were material to the motion, U.S. Bank adequately alleges that Sun Life knew or recklessly disregarded that it did not have an objectively reasonable basis for failing to pay U.S. Bank's claim. As U.S Bank describes in its opposition brief, Sun Life collected close to $2.5 million in premium, including over $1 million after U.S. Bank became the sole, named owner of the policy. Despite this, Sun Life: chose not to challenge the validity of the Policy; continued to accept large premium payments; refused to pay the claim even after receiving all documentation required under the policy; sought additional documents to investigate potential application misrepresentations, even though Sun Life's time for challenging the Policy on that basis had expired five years earlier; and pursued an investigation into a lack of insurable interested not supported by Wisconsin law. (Pl.'s Opp'n (dkt. #74) 28-29.) This is sufficient for U.S. Bank to get by the pleading stage under the subjective element of its bad faith claim.

Because Sun Life lacked any objectively reasonable basis for paying U.S. Bank's claim timely, the court will deny its motion for judgment on the pleadings. For reasons set forth above, the court's findings and conclusions also compels entry of judgment in

8

U.S. Bank's favor on (1) the objective prong of its bad faith claim and (2) its statutory interest claim.  *See Flora v. Home Federal Sav. & Loan Ass'n*, 685 F.2d 209, 211-12 (7th Cir. 1982) (affirming the granting of judgment on the pleadings *sua sponte*).  In light of this decision and the court's prior ruling on U.S. Bank's breach of contract claim, the only issue remaining for trial is whether Sun Life knew or acted recklessly in relying on an unreasonable basis in failing to pay timely U.S. Bank's claim.

## ORDER

IT IS ORDERED that:

1) defendant Sun Life Assurance Company of Canada's motion for judgment on the pleadings (dkt. #65) is DENIED; and

2) judgment is granted in favor of plaintiff U.S. Bank National Association on the objective prong of its bad faith claim and on its statutory interest claim.

Entered this 28th day of October, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge