IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

U.S. BANK NATIONAL ASSOCIATION,

                Plaintiff,                          ORDER

v.

                                           14-cv-562-wmc

SUN LIFE ASSURANCE COMPANY OF
CANADA,

                Defendant.

In this civil action, plaintiff U.S. Bank National Association asserts claims for breach of contract and bad faith, as well as statutory interest, against defendant Sun Life Assurance Company of Canada based on its failure to pay the proceeds of a $6 million life insurance policy timely. In earlier orders, the court entered judgment in plaintiff's favor on: (1) its breach of contract claim and related counterclaims by defendant (6/10/15 Op. & Order (dkt. #55)); and (2) the objective prong of its bad faith claim, along with an award of statutory interest under state law (10/29/15 Op. & Order (dkt. #103)). As a result, the only remaining issue for trial is the so-called subjective prong of plaintiff's bad faith claim, which concerns whether defendant knew (or acted in reckless disregard) of the fact that it had no reasonable basis in failing to pay plaintiff's claim.

Now, before the court is defendant's motion to stay the court's recent discovery order and proceed to an immediate hearing on an award of attorneys' fees. (Dkt. #104.) In that motion, defendant contends further discovery is unnecessary given that it "will not contest the subjective prong of U.S. Bank's bad faith claim so that the case may proceed directly to the attorneys' fee issue." (*Id.* at ¶ 3; *id.* at ¶¶ 24-25.)

Before turning to the merits of defendant's motion, the court will briefly address Sun Life's implicit argument that the court erred in granting judgment *sua sponte* in U.S. Bank's favor on the objective prong of its bad faith claim. In particular, Sun Life contends that it would have put forth evidence demonstrating that "its conduct was consistent with that of a reasonable insurer." (*Id.* at ¶¶ 18-19.) But this argument would essentially conflate the two prongs of a bad faith insurance claim now recognized in Wisconsin, as well as belie Sun Life's representation that it no longer contests the issue of its subjective bad faith.

Whether or not Sun Life *believed* in good faith that it had an objectively reasonable basis for failing to pay U.S. Bank's claim, the court already found as a matter of law that Sun Life's denial of coverage was not objectively reasonable. As already explained in the court's summary judgment decision, this was primarily due to Sun Life's fundamental misunderstanding of Wisconsin law. Indeed, plaintiff sought judgment on the objective prong in its response to defendant's motion for judgment on the pleadings, thus not only placing Sun Life on notice that judgment may be entered against it, but providing it an opportunity to respond to plaintiff's request in its reply. (Pl.'s Opp'n (dkt. #74) 34.) *See Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211-12 (7th Cir. 1982) (affirming the granting of judgment on the pleadings *sua sponte*). The court sees no reason to revisit its prior holding at this time.

Turning to the heart of defendant's pending motion, U.S. Bank does not oppose the grant of a stay of discovery or proceeding directly to the attorneys' fees issue. Instead, it contends that the issue should be addressed in briefing and not by means of a

hearing. The court agrees with plaintiff that the issue should at least initially be presented in briefs and supporting materials, although the court will hold a hearing, if necessary, after reviewing the parties' paper submissions. Accordingly, a briefing schedule is set forth in the order below.

Finally, in addition to the present motion, the court directed the parties to submit proffers and/or brief two additional issues: (1) whether reliance on an advice of counsel defense with regard to the subjective prong of the bad faith claim renders the attorney-client privilege to documents subject to discovery; and (2) whether the court should order Sun Life to deposit the $6 million insurance proceeds into the court. As for the first issue, the court's order granting Sun Life's motion to stay effectively moots any need for this discovery.[1] As for the second issue, U.S. Bank argues in its response that such an order is not required if the court grants Sun Life's motion to stay and proceeds to the question of an award of attorneys' fees. Regardless, U.S. Bank would prefer that the court not require Sun Life to deposit security until after final judgment has been entered, including the award of statutory interest. (Pl.'s Resp. (dkt. #111) 2.) Therefore, the court sees no reason to order an immediate payment.

---

[1] Sun Life responded to the court's order in a footnote, indicating that it did not intend to rely on advice of counsel. (Def.'s Submission (dkt. #105) 1 n.1.) Instead, Sun Life offered supplemental briefing on whether communications between outside counsel and an investigator are subject to the privilege. In light of the parties' stipulated stay of discovery, the court need not consider this supplemental briefing either.

ORDER

IT IS ORDERED that:

1) Defendant Sun Life Assurance Company of Canada's motion to stay discovery order and proceed to immediate hearing on attorneys' fees (dkt. #104) is GRANTED IN PART AND DENIED IN PART.

2) The court's discovery order (dkt. #102) is STAYED.

3) Judgement is entered in plaintiff's favor on the subjective prong of the bad faith claim, and the case will proceed to the final, remaining issue of the amount of damages (i.e., attorneys' fees) due as a result of defendant's bad faith.

4) On or before January 22, 2016, plaintiff shall submit its brief and any supporting materials in support of its request for attorneys' fees, including itemized time records, invoices, and proof of payment of such invoices by U.S. Bank. On or before February 12, 2016, defendant shall submit its opposition. If defendant challenges the reasonableness of plaintiff's fee request in that opposition, its counsel shall also contemporaneously submit its itemized time records, invoices and proof of payment of such invoices. Plaintiff's reply, if any, is due on or before February 22, 2016. The court will hold a hearing on plaintiff's attorney's fees request, if necessary, after review of the parties' submissions.

Entered this 22nd day of December, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge